IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRIAN L. HEFT,

    Petitioner,

    v.

WARDEN, MADISON CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:11-CV-103
JUDGE FROST
MAGISTRATE JUDGE KING

## OPINION AND ORDER

This is an action for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner asserted fifteen claims for relief in the original *Petition,* Doc. No. 2. He thereafter withdrew claims two (2), five, seven, nine, eleven, twelve, and fourteen. *Motion to Voluntarily Withdraw Grounds,* Doc. No. 43. Petitioner also withdrew claim four as a separate claim. *Traverse*, Doc. No. 30, at 44. On May 25, 2012, the United States Magistrate Judge recommended that this action be dismissed. *Order and Report and Recommendation,* Doc. No. 45. Petitioner has filed objections to that recommendation as it relates to claims one, six and eight; he also seeks a certificate of appealability as to these claims and asks for leave to proceed on appeal *in forma pauperis*. *Petitioner's Objection to Magistrate's Report and Recommendation and Motion for a Certificate of Appealability and Request to Proceed in Forma Pauperis*, Doc. No. 50. For the reasons that follow, Petitioner's objections are **OVERRULED** and his request for a certificate of appealability is **DENIED**. Petitioner's request for leave to proceed on appeal *in forma pauperis* is **GRANTED**.

Claim one alleges that Petitioner was denied his right to a speedy trial. The Magistrate

Judge concluded that this claim has been waived and, alternatively, is plainly without merit to the extent that the claim alleges a violation of state law. In his objections, Petitioner alleges, as cause for any procedural default, that his attorney performed in a constitutionally ineffective manner by failing to present the claim to the state courts as one of federal constitutional magnitude; alternatively, Petitioner insists that the claim is properly before this Court. Additionally, Petitioner argues that he was denied his right to equal protection by the state court's ruling against him because he was treated differently than were other similarly situated criminal defendants. He also complains that the Magistrate Judge failed to address his arguments regarding the appropriate calculation of time for purposes of Ohio's speedy trial law. In this regard, Petitioner again argues that Ohio's speedy trial law is coextensive with the United States Constitution's guarantee of a speedy trial. Referring to his state appellate briefs, Petitioner also again argues that he fairly presented his federal speedy trial claim to the state appellate courts.

      The record is clear that Petitioner presented his speedy trial claim to the state courts only as a claimed violation of state law.[1] Petitioner contends that he properly preserved this claim for federal habeas corpus review by referring to federal law in his appeal to the Ohio Supreme Court. However, the Ohio Supreme Court does not ordinarily consider claims raised for the first time before that court. *Fornash v. Marshall*, 686 F.2d 1179, 1185 n.7 (6th Cir. 1982) (citing *State v. Phillips*, 27 Ohio St.2d 294, 302, 272 N.E.2d 347 (1971). Therefore, Petitioner did not thereby preserve his claim for review in these proceedings. Moreover, Petitioner has never

---

[1] Petitioner made passing reference to the federal constitutional right to a speedy trial in his state court appellate briefs. *See Exhibit 18* (attached to *Return of Writ*, Doc. No. 16-1, pp. 63-63); *Exhibit 25*, (attached to *Return of Writ*, Doc. No. 16-1, pp. 298-99). But the substance of his argument in support of this claim was couched entirely in terms of state law.

presented to the state courts a claim that he was denied equal protection based on the state appellate court's ruling against him. That claim has therefore also been waived for review in these proceedings. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Similarly, the claimed ineffective assistance of appellate counsel cannot serve as cause for Petitioner's procedural default, because Petitioner raised the claim in the state courts only in the context of an alleged violation of state law. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (ineffective assistance of counsel cannot constitute cause for a procedural default where that claim is also procedurally defaulted). Even assuming as accurate Petitioner's allegation that the state appellate court's calculation of the tolling date was improper under state law, the fact remains that federal habeas relief is not warranted for the alleged violation of state law. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Claim six alleges that the evidence in support of Petitioner's convictions on two counts of gross sexual imposition *(i.e.*, Counts Three and Four) was constitutionally insufficient. The Magistrate Judge concluded that, as it relates to Count Four, the claim has been waived because Petitioner failed to present that claim on direct appeal; the Magistrate Judge also concluded that, in any event, claim six is without merit. In his objections, Petitioner asks that this Court conduct a plain error review of the claim as it relates to Count Four. However, a federal court has no authority to conduct a "plain error" review of a claim that has been waived. *See Maupin*, 785 F.2d at 135. Petitioner asserts the ineffective assistance of appellate counsel as cause for his procedural default of his claim of insufficiency of the evidence as it relates to his conviction on Count Four of the Indictment. Petitioner failed to present this claim to the state courts. *See Exhibit 45 to Return of Writ*. Therefore, the claimed ineffective assistance of appellate counsel

3

cannot serve as cause for his procedural default in this regard.  *See Edwards v. Carpenter*, 529 U.S. at 451-52.

Petitioner also complains that the Magistrate Judge, in considering the merits of this claim, failed to address each element of the offense of gross sexual imposition.  The elements of this offense, and the evidence of each element as presented at Petitioner's trial, were addressed in the decision of the state appellate court and were detailed in the Magistrate Judge's *Report and Recommendation*.  The Court will not again address those matters here.  For the reasons discussed in the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that, viewing all the evidence in the light most favorable to the prosecution, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the evidence supporting Petitioner's convictions was constitutionally sufficient.

Petitioner also complains that  the Magistrate Judge failed to address the influence on the jury of allegedly false statements made by the prosecutor during closing argument.  As discussed in the Magistrate Judge's *Report and Recommendation*, however, the record fails to reflect any improper comments by the prosecutor during opening or closing arguments.  *Report and Recommendation* at 40-41.

Claim eight alleges that Petitioner was denied the effective assistance of appellate counsel. Petitioner objects to the Magistrate Judge's recommendation that this claim – as it relates to his argument that the ineffective assistance of appellate counsel constitutes cause for the procedural default of his federal claims – be dismissed as itself having been waived.  As already discussed, because Petitioner waived this claim of ineffective assistance of appellate counsel, he has failed to establish cause for the procedural default of his federal claims.  *See*

*Edwards v. Carpenter*, 529 U.S. at 451-52.

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), this Court has conducted a *de novo* review of the record and concludes that, for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, none of Petitioner's arguments are persuasive.

For these reasons and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections are without merit.

Accordingly, Petitioner's *Objection*, Doc. No. 50, is **OVERRULED**. The *Report and Recommendation,* Doc. No. 45, is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Petitioner seeks a certificate of appealability on habeas corpus claims one, six and eight. When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot,* 463 U.S., at 893 n.4). Where the Court dismisses a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*  Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 485.  The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Upon review of the record, the Court concludes that petitioner has failed to establish either that reasonable jurists would debate whether the Court properly dismissed his claims as procedurally defaulted or whether the petition states a valid claim of the denial of a constitutional right.  Petitioner's request for a certificate of appealability is therefore **DENIED.**

Finally, Petitioner asks for leave to proceed on appeal *in forma pauperis*.  Because Petitioner was granted leave to proceed *in forma pauperis* at the outset of this case, *Order*, Doc. No. 4, his request for leave to proceed on appeal without prepayment of fees or costs is **GRANTED**.  *See* Fed. R. App. P. 24(a)(3) (a party permitted to proceed *in forma pauperis* before the district court  may proceed on appeal *in forma pauperis* without further authorization unless the district court certifies that the appeal is not taken in good faith).  All judicial officers who render services in this action shall do so as if the costs had been prepaid.


   /s/   Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**